*Edward Lynn* for appellant.

*George Sanderson* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THERESA SHEEDY, as Administratrix of the Estate of JAMES SHEEDY, Deceased, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

*Negligence — streets — municipal corporations — waiver — evidence — erroneous admission of evidence to establish waiver by comptroller of city of New York of right to examine plaintiff.*

*Sheedy* v. *City of New York*, 202 App. Div. 760, affirmed.

(Argued April 16, 1924; decided May 20, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 26, 1922, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial. The action was brought to recover damages for the death of plaintiff's intestate, who was killed on January 1, 1920, when the left front wheel of an automobile truck in which he was riding broke through the frozen surface of a large pool of water in Bush street, between Columbia and Hicks streets, Brooklyn, and dropped to the bottom of a depression beneath, pitching the intestate and one of the other men in the truck to the surface of the street. The Appellate Division reversed upon the ground that it was error for the trial court to receive the testimony of the witnesses O'Toole and Abruzzo in regard to the alleged conversation with some person in the corporation counsel's office unknown to them and whose voice they did not recognize or identify, in order to establish a waiver by the comptroller of his right to an examination of plaintiff under section 149 of the charter of the city of New York.

*George F. Hickey* and *Samuel D. Smoleff*, for appellant.

*George P. Nicholson, Corporation Counsel* (*Charles J. Druhan* and *Joseph P. Reilly* of counsel), for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

WALTER BLAIR et al., Appellants, *v.* RICHMOND LEVERING & CO., INC., Respondent.

*Contract — stocks and stockholders — call or option on stock — action to recover for refusal to deliver stock in accordance with terms of call — defenses of failure of consideration, failure to exercise within reasonable time and Statute of Frauds.*

*Blair* v. *Levering & Co., Inc.,* 208 App. Div. 726, affirmed.

(Submitted April 16, 1924; decided May 20, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 28, 1924, unanimously affirming a judgment in favor of the defendant entered upon a dismissal of the complaint by the court at a Trial Term, a jury having been waived. The complaint alleged that the defendant, a New York corporation, on the 15th day of February, 1917, under its seal, made, executed and delivered to the plaintiffs, a copartnership, a call or option on 2,000 shares of common stock of the Metropolitan Petroleum Corporation at two dollars per share; that subsequently plaintiffs tendered to defendant the sum of $4,000, and demanded the stock or its equivalent, which was refused, and that by reason thereof plaintiffs suffered damage. The answer contained a general denial and alleged that the call was obtained without consideration and was not exercised within a reasonable time, and also pleaded the Statute of Frauds.

*Philip C. Samuels* and *Max Lazarus* for appellants.

*Nelson L. Robinson* for respondent.